IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY, | No. CIV S-11-1218-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| A. NANGALAMA, et al., | |
| Defendants. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are several motions, many of which are related.

  **1. Motion for Judgment on the Pleadings/Motion to Amend (Docs. 23, 28)**

  Shortly after the defendants filed their motion for judgment on the pleadings, plaintiff filed his motion to amend. As the amendment would render the motion for judgment on the pleadings moot, the motion to amend will be addressed first.

  The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id. Here, an answer was filed on October

1

3, 2011, so leave of court is required before an amended complaint can be filed.

Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, there is a reasonable relationship between the original and amended pleadings. Plaintiff's amendments apparently seek to address the defects pointed out in the defendants' motion for judgment on the pleadings, by eliminating the questionable claims. Granting plaintiff leave to amend will therefore promote the speedy resolution of the controversy. There was no delay in seeking leave to amend, and there will be no delay in the action by allowing the amendment. Finally, there is no prejudice to the defendants. The only effect the amendment will have is rendering the motion for judgment on the pleadings moot, as the challenged claims are the ones eliminated through the amendment. Accordingly, the request for leave to file an amended complaint will be granted, and the motion for judgment on the pleading will be denied as moot. This case will proceed on plaintiff's amended complaint (Doc. 29).

**2. Motion to Amend the Scheduling Order (Doc. 32)**

Plaintiff filed a motion to amend the schedule set in this case in order to receive responses to his discovery requests and to file a motion to compel. At the time plaintiff filed his motion, discovery was over and he simultaneously filed a motion to compel. Federal Rule of Civil Procedure 16 allows the court to modify the schedule for good cause shown. Fed. R. Civ. Proc. 16(b)(4). Here, the court does not see any reason to grant this motion. Plaintiff filed his

motion to compel, and the court can order further responses if necessary without altering the scheduling order to allow for additional discovery.  If, after the court addresses the other pending motions, plaintiff has additional reasons for needing more time to complete discovery or respond to the motion for summary judgment which has been filed, the court will allow a renewed motion to amend the schedule.  However, the current motion will be denied.

### 3.  Motion to Compel (Doc. 33)

Plaintiff filed the motion to compel in order to obtain responses to what appears to be a second set of interrogatories.  Defendants oppose the motion to compel on the grounds that they never received the interrogatories, and plaintiff fails to provide a proof of service to show the interrogatories were in fact properly propounded on the defendants.  Plaintiff states the interrogatories at issue were filed on January 19, 2012.  The court notes that nothing was filed with the court in this action during the month of January.  Plaintiff filed several discovery requests in October 2011, and the court informed plaintiff on October 31, 2011, that such discovery requests were not to be filed with the court and were disregarded.  No other discovery requests have been filed with the court.

Federal Rule of Civil Procedure 37(d)(1) provides, in pertinent part, as follows:

> the court . . . may, on motion, order sanctions if: (ii) a party, after being properly served with interrogatories under Rule 33 . . . fails to serve it answers, objections, or written response.

One key requirement under Rule 37 is that the discovery requests at issue must have been properly served on the opposing party.  Another, is that the moving party must have attempted in good faith to confer with the other party in an effort to obtain the requested responses.  Here, plaintiff fails to prove that the interrogatories at issue were actually served on the defendants as plaintiff's motion does not include a proof of service for the interrogatories.  He also fails to include with his motion a certification that he attempted to confer with defendants regarding the responses.  As such, his motion to compel cannot be granted.  However, if plaintiff believes the interrogatories are necessary in order to defend against the pending

Case 2:11-cv-01218-MCE-CMK   Document 50   Filed 06/26/12   Page 4 of 6

motion for summary judgment, the court will allow re-service of the interrogatories and will allow time for the defendants to respond. Plaintiff may re-serve the interrogatories at issue in this motion on the defendants within 15 days of the date of this order. Defendants shall respond to the interrogatories within 45 days of service thereof. If a motion to compel is necessary, such motion shall be filed within 60 days of the date of service of the interrogatories on defendants. Additional time will also be provided for plaintiff to respond to the motion for summary judgment as discussed below.

### 4. Motion to Withdraw Admissions (Doc. 37)

Plaintiff's next motion is to withdraw his admissions as a result of failing to respond to the defendants' request for admissions. Defendants have filed a notice of non-opposition. This unopposed motion is therefore granted, and the deemed admissions are withdrawn. The court assumes plaintiff has now adequately responded to the requests for admissions, and the defendants are satisfied with his responses.

### 5. Motion to Amend Schedule (Doc. 43)

Plaintiff filed a second motion to amend the schedule in this case in order to file or oppose a dispositive motion. As discussed herein, plaintiff will be provided additional time to respond to the defendant's motion for summary judgment. To the extent plaintiff is requesting additional time to file a dispositive motion of his own, plaintiff fails to provide any reason why such motion could not have been filed within the time provided in the scheduling order. Plaintiff simply stated "for good cause plaintiff needs an extension of time . . . ." Such conclusory statements do not show good cause for modifying the current schedule. Plaintiff will be provided additional time to respond to the motion for summary judgment, but the schedule need not otherwise be modified. Plaintiff's motion will be denied.

/ / /

/ / /

/ / /

4

**6. Motion for Extension of Time (Doc. 45)**

Finally, plaintiff has filed a motion to extend the amount of time he has to respond to the defendants' motion for summary judgment. Defendants have filed a notice of non-opposition. Plaintiff indicates he needs additional time to conduct research due to a prison lockdown and lack of access to the law library. Good cause appearing therefor, the request will be granted. Given the time granted above for plaintiff to reserve his additional interrogatories on the defendants, and the time necessary for the defendants to respond, plaintiff's opposition to the pending motion for summary judgement shall be filed within 90 days of the date of this order.

According to the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 28) is granted;

2. This action shall proceed on plaintiff's amended complaint (Doc. 29);

3. Defendants' motion for judgment on the pleadings (Doc. 23) is denied as moot;

4. Plaintiff's motion to amend the schedule (Doc. 32) is denied;

5. Plaintiff's motion to compel (Doc. 33) is denied, but plaintiff may reserve the additional interrogatories presented in his motion within 15 days of the date of this order. If plaintiff reserves the interrogatories, defendants' responses are due within 45 days of the service thereof; any necessary motion to compel further responses shall be filed within 60 days of service of the requests;

6. Plaintiff's unopposed motion to withdraw his admissions (Doc. 37) is granted;

7. Plaintiff's motion to amend the schedule (Doc. 43) is denied;

8. Plaintiff's unopposed motion for an extension of time to oppose the motion for summary judgment (Doc. 45) is granted; and

///

9. Plaintiff's opposition to the defendants' motion for summary judgment shall be filed within 90 days of the date of this order.

DATED: June 25, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE