IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTE L. HANEY,                    No. 2:11-cv-1218-MCE-CMK-P

    Plaintiff,

  vs.                              FINDINGS AND RECOMMENDATIONS

A. NANGALAMA, et al.,

    Defendants.

         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for temporary restraining order (Doc. 36).  In his motion, plaintiff complains that prison officials are interfering with his ability to prosecute this case, including confiscating his legal papers and not processing his mail. Plaintiff does not identify any specific individual, but rather implicates "prison officials."

         The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365 (2008)).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing on the mere possibility of irreparable harm, such cases are "no longer controlling, or even viable."  Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,

1

1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S. Ct. at 374).

       Plaintiff is requesting injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). While plaintiff fails to identify any particular individual, it is clear that the prison officials plaintiff complains of are not medical personnel but rather custody staff. The only defendants in this action, however, are medical personnel. His motion must, therefore, be denied on that basis. If plaintiff believes his rights are being denied, he may utilize the inmate grievance procedures and/or file a separate civil action.

       Based on the foregoing, the undersigned recommends that plaintiff's motion for a temporary restraining order (Doc. 36) be denied.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2013

_Craig M. Kellison_
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE